## No. 8766.

### DURKEE DITCH COMPANY ET AL. *v.* MEANS ET AL.

SEEPAGE WATER—*When Subject to Appropriation.* Both plaintiffs and defendants were parties to a proceeding for the adjudication of priorities, under the statute. Defendants were awarded priorities to the waters of a certain stream, superior to those of the plaintiffs. Subsequently, by seepage from defendant's ditch, water appeared in a certain gulch tributary to the stream in question. Plaintiff's attempted appropriation of these waters conferred no right, the seepage being still part of the waters of the stream.

*Error to Delta District Court, Hon. Thomas J. Black, Judge.*

Mr. WILLIAM H. BURNETT and Mr. MILTON R. WELCH, for plaintiffs in error.

Messrs. CATLIN & BLAKE, for defendants in error.

Mr. Justice Bailey delivered the opinion of the Court.

IN June, 1912, defendants in error filed a petition in a water adjudication proceeding in Water District No. 40, for an original decree for a ditch designated as the Morton Ditch Appropriation No. 2 Ditch, wherein it was alleged that said ditch took its waters from Madsen gulch, conveying it therefrom to a ditch called the Morton Ditch, and thence to their lands. They further alleged that since 1904 the waters of Madsen gulch had been used by them, that it was a natural stream supplied by springs and seepage water, that the gulch and the water were tributary to the Morton

Ditch Irrigation System; through Appropriation No. 2 Ditch, and since the appearance of seepage and spring waters in that gulch the ditch 'had been used to divert water therefrom to their lands.   It was found upon the hearing that Appropriation No. 2 Ditch collected seepage and return waters from Madsen gulch, that these waters had increased gradually, so that, in 1912, it supplied 1.6 second feet of water, and that Madsen gulch was tributary to Dry Creek, a small stream emptying into the Gunnison River, in Delta County.

Upon these findings an original appropriation was decreed, based upon original construction and use.   There was incorporated in the findings of fact a paragraph to the effect that all of the Madsen gulch water had at all times been diverted and used by petitioners, and that none thereof had ever been allowed to flow down to Dry Creek.   The decree treats the appropriation by petitioners of these waters as an independent, prior appropriation, not subject to priorities on Dry Creek, to which stream such waters would be tributary, if permitted to flow beyond claimants' ditch.

A protest against the petition was filed by plaintiffs in error, alleging in substance that they were the owners of certain priorities on Dry Creek, and that Madsen gulch was tributary thereto; that, except for the irrigation of lands adjacent to Madsen gulch by waters from Dry Creek, no seepage or return water would flow in said gulch at any time; that if the waters were not intercepted and caught up they would flow down the gulch to Dry Creek, and thus supply senior priorities lower down that stream; and that there is not sufficient water to supply the needs of the senior priorities of plaintiffs in error on that stream. Their objections to the decree were overruled, and upon exceptions reserved the matter is here for review on error.

It appears from the record that the parties herein were all parties to adjudication proceedings in Irrigation District No. 40, in 1908, at which time priorities on Dry Creek were

adjudicated. Plaintiffs in error were there awarded priorities senior to that of defendants in error, who then were decreed a priority from that stream for the ditch known as the Morton Ditch. Defendants in error then testified that they had no other source of supply for their lands. It also appears that the Morton Ditch crosses Madsen gulch, and that prior to the construction of the Morton Ditch Appropriation No. 2 Ditch, the waters of that gulch, what there were of them, had run directly into and through the Morton Ditch.

Madsen gulch is a natural gulch, or draw, arising in the mesa east of Dry Creek, and emptying into it. The gulch was originally comparatively dry; but since the surrounding mesas have been under irrigation water in constantly increasing quantities has been found in the gulch. It is not disputed that this water is seepage, waste and return water, following its natural course back to Dry Creek, whence it was taken, and that it would reach that stream if not intercepted. It is not added water. It is in no sense new or developed water. It belonged originally to Dry Creek, and yet so belongs. Both parties have cited *Comstock v. Ramsey*, 55 Colo. 244, in support of their respective contentions. Plaintiff in error relies upon the general doctrine there laid down, and defendants in error upon the statement therein that this general doctrine is not to be unreasonably extended, to include situations where its application would be inequitable and unjust. The general principles laid down in that opinion govern the case at bar, and are applicable to the questions involved in this case. The waters of Madsen gulch, claimed by defendants in error, being naturally tributary to Dry Creek, are not subject to independent appropriation and diversion, to the injury of senior rights down that stream. The fact that these waters have been captured before they again reach Dry Creek in no wise strengthens the position of petitioners, for the waters are to be considered a part of the stream from the moment they are released by a user, under an appropriation from it, and they must be permitted to return to the stream, for the

benefit of other appropriators therefrom, in the order of their priorities.

Other errors have been assigned, but consideration of them is unnecessary.

The judgment is reversed, and cause remanded for further consideration in conformity with the views herein expressed.

Mr. Chief Justice White and Mr. Justice Allen concur.